UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAIDAH NAEEMAH: HAZIZ-RAMADHAN,

                Plaintiff,

              -against-

SPECIALIZED LOAN SERVICING, LLC.;
COMPUTERSHARE HOLDINGS, INC. d/b/a
SPECIALIZED LOAN SERVICING INC.;
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR SG MORTGAGE SECURITIES
ASSET BACKED CERTIFICATES SERIES 2006-
FRE2; SHAPIRO DiCARO & BARAK, LLC aka
LOGS LEGAL GROUP; KELLY NICHOLSON,
ESQ.; WELLS FARGO BANK, N.A.; LIA DIAS
ABEYGUNAWARDENA, Assistant Secretary
for Mortgage Electronic Registrations System, Inc.
(MERS); TAEHOONY CHIN, State of Minnesota
Notary Public; AKMAL MEERSYED, CEO of
Globus Solutions, Inc.; UNKNOWN DOES Nos.
1-10,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

2:23-cv-08900-OEM-JMW

ORELIA E. MERCHANT, District Judge:

      Plaintiff Saidah Naeemah Haziz-Ramadhan ("Plaintiff"), proceeding pro se, brought suit against defendants Specialized Loan Servicing, LLC ("Specialized Loan Servicing"), U.S. Bank National Association ("U.S. Bank"), Shapiro DiCaro & Barak ("SDB"), Wells Fargo Bank, N.A. ("Wells Fargo"), and a group of individual defendants (the "Individual Defendants") (collectively, "Defendants") on December 4, 2023, asserting a variety of claims relating to the foreclosure of Plaintiff's home and her eviction from the same. In her complaint, Plaintiff brings claims of "Wrongful Foreclosure," "Fraud Upon the Court," "Void Judgment," "Lack of Capacity to Foreclose (No Standing)," "Fraudulent Conversion of Mortgage Chattel Paper," "Intentional

Infliction of Emotional Distress and Mental Anguish," "Punitive Damages," and "Declaratory Judgment."

On December 22, 2023, Defendant SDB requested a pre-motion conference related to its anticipated motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). SDB's Pre-Motion Conference Letter ("SDB PMC Letter"), ECF 13. On December 26, 2023, the Court denied SDB's request for a pre-motion conference and construed SDB's Pre-Motion Conference Letter as a motion to dismiss. December 26, 2023 Order. In accordance with the briefing schedule set by the Court, Plaintiff filed a letter in opposition on January 5, 2024, and SDB filed a reply letter on February 9, 2024. On January 22, 2024, while SDB's motion was being briefed, Plaintiff moved for summary judgment. Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ"), ECF 25. On February 20, 2024, Wells Fargo filed a pre-motion conference request related to a planned motion to dismiss. Wells Fargo's Pre-Motion Conference Letter ("Wells Fargo PMC Letter"), ECF 33. On February 26, 2024, Plaintiff filed an affidavit requesting that the Court be disqualified pursuant to 28 U.S.C. § 455 and filed a motion for sanctions against Ofunne N. Edoziem, James N. Faller, and Reed Smith LLP. Plaintiff's Motion for Disqualification ("Plaintiff's Disqualification Motion"), ECF 34; Plaintiff's Motion for Sanctions ("Plaintiff's Sanctions Motion"), ECF 35.

For the following reasons, SDB's motion to dismiss Plaintiff's complaint is granted and Plaintiff's motions for summary judgment, to disqualify the Court, and for sanctions are denied.

## BACKGROUND

Plaintiff brings this action in connection with a state court Judgment of Foreclosure and Sale entered against Plaintiff on December 17, 2015, in Supreme Court of the State of New York, Suffolk County, concerning Plaintiff's real property located at 16 S. Montgomery Avenue in Bayshore, New York. Complaint ("Compl."), ECF 1 at 74-80. This is the fourth action Plaintiff has brought in this Court concerning her state court foreclosure action. *See Haziz-Ramadhan v. Meersyed, et al.*, No. 2:22-CV-6435 (GRB) (JMW) (dismissed pursuant to the *Rooker-Feldman* doctrine finding that the "complaint seems to be an effort by an unsuccessful state court litigant to relitigate matters before this Court"); *Globus Solutions Inc. v. Martinez, et. al.*, No. 2:22-CV-6436 (GRB)(JMW) (removal of eviction proceedings remanded to Suffolk County District); *Haziz-Ramadhan v. Specialized Loan Serv., et al.*, No. 2:23-CV-2671 (OEM) (JMW) (dismissed by this Court pursuant to the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and res judicata).

Plaintiff alleges that on April 26, 2006, a "[m]ortgage was created" encumbering Plaintiff's real property located at 16 South Montgomery Avenue, Bay Shore, New York, and on August 16, 2006, the Mortgage was recorded in the Office of the Clerk of County of Suffolk. Compl. at 11. According to Plaintiff, although "the Cut-Off Date for filing any Mortgage into [U.S. Bank's] Trust was July 1, 2006," "Plaintiff's Mortgage was purportedly assigned by the Mortgage Electronic Registry System, Inc. (MERS) as nominee for FREMONT INVESTMENT & LOAN to Defendant U.S. BANK" on February 15, 2011. *Id*. at 10-11.

Plaintiff alleges that "the purported Original Lender, FREMONT INVESTMENT & LOAN went out of business on July 5, 2008 without government assistance and its assets being liquidated by FREMONT to any other Party-in-Interest, and there were no Successors or Assigns

3

for FREMONT to implement such liquidation." *Id*. at 12. Plaintiff alleges that therefore "the purported Assignment of Mortgage on February 15, 2011 is a fraud." *Id*. at 13.

Plaintiff argues that because the February 15, 2011 assignment was "a fraud," "the Defendant Trust could not have been assigned Plaintiff's Mortgage and Note at the time the 2007 foreclosure Complaint was filed by them in the New York State Supreme Court for the County of Suffolk," and that therefore, among other reasons, "the judgment of foreclosure" that was entered against Plaintiff in that action "should be vacated as void as a matter of law." *Id*. at 13-14. Plaintiff also challenges the resulting execution of "the foreclosure judgment through a Referee Sale, where the Referee's Deed misidentified the purported 'Grantor' of the sale as 'SG MORTGAGE SECURITIES TRUST 2006-FRE2, ASSET BACKED CERTIFICATES SERIES 2006-FRE,' where the Plaintiff in the State Court foreclosure action was identified as SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES SERIES 2006-FRE2, which, by name alone, are two different entities." *Id*. at 15.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). "To survive a motion to dismiss, Plaintiff's complaint must meet the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, this Court must "accept[] as true factual allegations made in the complaint, […] drawing all reasonable inferences in favor of the plaintiffs." *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. "In considering a motion to dismiss for lack of subject matter jurisdiction, we accept as true all material factual allegations in the complaint. However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (cleaned up).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer."). Nonetheless, a pro se plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### A. Motion to Dismiss

In addition to specific challenges to Plaintiff's claims against SDB, SDB more broadly argues that Plaintiff's complaint must be dismissed in entirety as a "frivolous attempt to appeal a state court judgment, which this Court lacks jurisdiction over under the *Rooker-Feldman* doctrine." SDB PMC Letter at 3. SDB argues in the alternative that the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction, given that "the Complaint does not properly assert

5

federal diversity or federal question subject matter jurisdiction, or even a valid cause of action." *Id*.

### 1. Res Judicata

Plaintiff's claims are barred by the doctrine of res judicata. "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286–87 (2d Cir. 2002). Federal courts are required "to give preclusive effect to state-court judgments whenever the courts from the State from which the judgments emerged would do so[.]" *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing 28 U.S.C. § 1738). Thus, New York State's res judicata law governs in this action. In New York, res judicata applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Harris ex relatione Harris v. BNC Mortg., Inc.*, No. 16-CV-2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017), aff'd sub nom. *Harris v. BNC Mortg., Inc.*, 737 F. App'x 573 (2d Cir. 2018).

Here, the state foreclosure action was an adjudication on the merits, concerned the same adverse parties or those in privity with them and the claims at issue here were either raised or could have been raised in the state court proceedings. Each of Plaintiff's causes of action essentially amounts to a factual or procedural objection to the state court's decision. *See Amissah v. Wells Fargo*, No. 19-CV-04624, 2020 WL 868599, at *3 (E.D.N.Y. Feb. 20, 2020) ("[Plaintiff's] claims arise out of the same series of transactions at issue in state court: the allegedly fraudulent second mortgage and subsequent property foreclosure. The plaintiff is merely making the same arguments that the state court rejected, but in a federal forum.").

6

### 2. Rooker-Feldman Abstention

Dismissal of this action is also required by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment. Where claims raised in a federal action are 'inextricably intertwined' with a state court's determination, dismissal of the federal claims for lack of jurisdiction pursuant to *Rooker-Feldman* is proper." *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001).

Where, as here, a federal suit functions as "a collateral attack on [a] state court foreclosure judgment," dismissal pursuant to the *Rooker-Feldman* doctrine is required. *Amissah*, 2020 WL 868599, at *4 (E.D.N.Y. Feb. 20, 2020). Though Plaintiff has re-styled her complaint and re-packaged some of her causes of action in an attempt to avoid the application of the *Rooker-Feldman* doctrine, each of Plaintiff's causes of action asks this Court to revisit the issues at the heart of the state foreclosure action. The *Rooker-Feldman* doctrine therefore provides an independent basis for dismissal.[1]

### 3. Subject Matter Jurisdiction

Dismissal of this action is also required because this Court lacks subject matter jurisdiction over Plaintiff's claims. It is also well settled that judgments of foreclosure are fundamentally matters of state law. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. Oct. 18, 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *see also Hung v. Hurwitz*, No. 17-CV-4140, 2017 WL 3769223 at *2 (E.D.N.Y. Aug. 29, 2017) ("to the extent plaintiff seeks to have the Court intervene in his dispute

---

[1] To the extent Plaintiff is challenging any pending action in state court, her claims for injunctive relief must likewise be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

7

with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks."); *Modica v. Eastern Savings Bank*, No. 14–CV–1384, 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014) (federal court lacks jurisdiction over judgments of foreclosure, as they are "fundamentally matters of state law") (internal citation omitted); *Dockery v. Cullen & Dykman*, 90 F.Supp.2d 233 (E.D.N.Y. Mar. 30, 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud). Not one of Plaintiff's causes of action concerns a federal question, nor has Plaintiff alleged that this Court has jurisdiction over her claims due to diversity of citizenship. Therefore, Plaintiff has not adequately pled that this Court has subject matter jurisdiction over Plaintiff's complaint.

### B. Motion for Summary Judgment

Plaintiff's complaint is barred by the doctrine of res judicata, barred by the *Rooker-Feldman* doctrine, and the Court lacks subject matter jurisdiction over Plaintiff's claims. *See supra*, pp. 5-7. Accordingly, Plaintiff's motion for summary judgment is denied.

### C. Motion to Disqualify Pursuant to 28 U.S.C. § 455

Plaintiff moves to disqualify the Court pursuant to 28 U.S.C. § 455, which directs that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A list of potential bases for disqualification is provided in 28 U.S.C. § 455, including personal bias or prejudice, a financial interest in the subject matter in controversy, and previous affiliation with a matter. *See* 28 U.S.C. § 455(b)(1-5). Plaintiff's motion for disqualification does not provide a legitimate basis for disqualification, and instead takes umbrage with the Court's denial of certain of Plaintiff's motions. *See generally* Plaintiff's Disqualification Motion. This is not a proper basis for the disqualification of the Court, nor has the Court identified upon its own review a reason for

which its impartiality might reasonably be questioned. Therefore, Plaintiff's motion to disqualify is denied.

### D. Motion for Sanctions

Plaintiff argues that Ofunne N. Edoziem, James N. Faller, and Reed Smith LLP should be sanctioned pursuant to Federal Rule of Civil Procedure 11 "for their duplicitous pleadings they filed with this Court to deliberately mislead the Court with false and irrelevant dispositive arguments that are intended to manipulate the mechanics of the Court to procure and adverse judgment against me." Plaintiff's Sanctions Motion at 1. "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (per curiam). Upon review of the Wells Fargo PMC Letter, the Court finds no frivolous legal arguments or factual misrepresentations meriting sanctions under Rule 11. Accordingly, Plaintiff's motion for sanctions is denied.

### INJUNCTIVE RELIEF BARRING FURTHER LITIGATION

Where a plaintiff engages in a pattern of vexatious litigation, "[i]t is 'beyond peradventure' that '[a] district court possesse[s] the authority to enjoin [a litigant] from further vexatious litigation.'" *Lipin v. Hunt*, 573 F. Supp. 2d 836, 844 (S.D.N.Y. 2008) (quoting *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986)). In determining whether or not to restrict a litigant's future access to the courts, a court must consider "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have a good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

9

whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id*.

The Court finds that each of the *Safir* factors supports restricting Plaintiff's access to future litigation. Despite Plaintiff's *pro se* status, "a court's authority to enjoin vexatious litigation extends equally over *pro se* litigants and those represented by counsel," and the "special solicitude" provided to *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F.Supp.2d 550, 558 (S.D.N.Y.2007). Plaintiff's repeated vexatious filings, spread across four different federal actions challenging the same underlying claims, have imposed a heavy burden on the Court's resources and the resources of the parties. Plaintiff has demonstrated an unwillingness to accept the Court's orders, as evidenced by her serial re-filing of the same barred claims and her objection to nearly every order filed in this case. As another concerning example of Plaintiff's vexatious filings, Plaintiff fraudulently attempted to name this Court personally as a fiduciary of the "SAIDAH TERRY LIVING TRUST" in a form sent to the Internal Revenue Service. *See* Notice of Fiduciary Appointment, ECF 28. Accordingly, the Court finds that a limitation on Plaintiff's ability to engage in further litigation is appropriate and necessary.

"In limiting a citizen's ability to litigate, a court should take special care to ensure that the restrictions placed on the party are 'taken together, not so burdensome as to deny the litigant meaningful access to the courts.'" *Fitzgerald v. Field*, No. 99 Civ. 3406, 1999 WL 1021568, at *6 (S.D.N.Y. Nov. 9, 1999). "The Second Circuit has indicated that an injunction restricting a litigant's access to the courts is not overly broad if it preserves that litigant's ability to assert

10

meritorious claims with approval of the court." *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008).

Therefore, Plaintiff is hereby enjoined from further litigation in the Eastern District of New York of any claims relating to the foreclosure or eviction proceedings relating to the real property located at 16 South Montgomery Avenue, Bay Shore, New York, without first obtaining leave of this Court, except to submit papers responding to submissions by a defendant, or, when appropriate, to seek appellate review of a decision.

## CONCLUSION

For the reasons set forth above, SDB's motion to dismiss Plaintiff's complaint is granted and this action is dismissed in entirety with prejudice. Plaintiff's motions for summary judgment, disqualification, and sanctions are denied.

The Clerk of Court is respectfully directed to enter judgment, close this case, and send a copy of this order to Plaintiff at the address provided.

**SO ORDERED.**

                                          /s/
                                     **ORELIA E. MERCHANT**
                                     **United States District Judge**

Dated: Brooklyn, New York
       March 1, 2024